IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAURUS S. CENTAUR, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| PTS OF AMERICA, LLC et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:12-CV-2626-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Garrett County Detention Center in Oakland, Maryland. (Doc. 6.) Plaintiff, pro se, filed this action in July 2012 regarding events that allegedly occurred during his transport from a jail in Pennsylvania through several other states and ultimately to the jail in Cobb County, Georgia. (Doc. 9.) The Court screened Plaintiff's amended complaint and allowed some of his claims to proceed, namely his claims that the conditions of his confinement during the trip were unconstitutional and that individual Defendants were deliberately indifferent to his medical needs. (Docs. 10, 18.)

Defendants PTS of America, LLC ("PTS"), Irwin Guzman, and Deanna Moore filed a motion to dismiss the case for improper venue. (Doc. 27.) Plaintiff filed a motion in opposition to the motion to dismiss, (Doc. 40), and a motion to file a brief exceeding the usual page limitations, (Doc. 41).

The federal venue statute provides:

A civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(c) Residency.--For all venue purposes--

(1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;

(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]

28 U.S.C. § 1391(b)-(c). "Once a defendant challenges venue through a Rule 12(b)(3)

motion, the burden is on the plaintiff to show that venue in the forum is proper."

*Clemmons v. Animal Care & Control of NYC*, No. 1:12-CV-1433-TWT-JFK, 2012

WL 5987862, at *1 (N.D. Ga. Oct. 22, 2012), *adopted by* 2012 WL 5987589 (N.D.

2

Ga. Nov. 28, 2012).

In his amended complaint, Plaintiff named the following Defendants: PTS, the Cobb County Sheriff's Department, Cobb County Sheriff Neil Warren, Sgt. Perry, John Doe, and Jane Doe. (Doc. 9.) "John Doe" and "Jane Doe" were merely placeholder names because Plaintiff did not know those individuals' identity. (*Id.*) Those individuals since have been identified as Irwin Guzman and Deanna Moore, who have been substituted as Defendants in place of the fictitious placeholders. (Doc. 26.) The Court dismissed the Sheriff's Department and Sheriff Warren. (Doc. 18.)

When the Court screened Plaintiff's amended complaint, it noted that venue could not be based on § 1391(b)(2) because it was clear from the allegations that a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in Georgia (and property is not the subject of this action). *See* Doc. 10 at 7; *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) ("Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered."). It could not be determined at that time, however, whether venue was proper under § 1391(b)(1) because the residency of PTS and the individual Defendants, except Sheriff Warren, was unknown; it was not known where all but one

3

individual Defendant was domiciled and whether PTS was subject to the Court's personal jurisdiction.

It is now known, and undisputed, that Guzman, Moore, and PTS are Tennessee residents.[1]   (Docs. 9, 26, 27-1, 29, 40.)   It is not known where Sgt. Perry resides because Plaintiff has not located him for service of process, and it is Plaintiff's burden to establish his residence for venue purposes.  Regardless of where Sgt. Perry resides, it is now known that this Court was not a proper venue under § 1391(b)(1) when Plaintiff filed this action because all Defendants were not residents of Georgia.  In fact, venue was not proper in any federal court under § 1391(b)(1) because all Defendants were not residents of any single state.  Defendant's motion to dismiss should be granted because Plaintiff has not satisfied his burden of showing that this Court was (or is) a proper venue for this action.[2]

---

[1] It remains unclear whether PTS is subject to personal jurisdiction in Georgia and, thus, is also a Georgia resident under the venue statute.  That issue need not be resolved.  Venue was improper even if PTS is also a Georgia resident because all Defendants are not Georgia residents.  *See* 28 U.S.C. § 1391(b)(1).

[2] The venue problem is Plaintiff's own doing because he, as the master of his complaint, chose to join all his claims against all Defendants in a single action. Contrary to his contention, Plaintiff did not have to file a single action in a single jurisdiction.  For example, Plaintiff could have filed an action in Tennessee against PTS, Guzman, and Moore for his claims against them and filed a separate action in Georgia against Sheriff Warren and would have had no venue problem in either case. That is so regardless of where a substantial part of the alleged events occurred.

4

PTS, Guzman, and Moore argue that: Tennessee is a proper venue, Plaintiff's claims were untimely under Tennessee law when he filed this action, and thus the Court should dismiss the case with prejudice rather than transfer it to Tennessee. (Doc. 27-1.) Plaintiff opposes dismissal and, while he does not necessarily oppose transfer to Tennessee, argues that the case should remain in this Court. (Doc. 40).

No party has shown that Tennessee was a proper venue when Plaintiff filed this action. The amended complaint contains no allegations of events occurring in Tennessee other than the transport van passing through that state at some point. (*See* Doc. 9.) That allegation is insufficient to support a finding that a substantial part of the events giving rise to Plaintiff's claims occurred in Tennessee. And as noted above, at least one (Sheriff Warren) and possibly two (Sgt. Perry) Defendants were not Tennessee residents. It therefore would not be proper to dismiss this case with prejudice on the theory that the case could have been filed in Tennessee but would have been untimely under Tennessee law. It also would not be proper to transfer the case to Tennessee because it has not been shown that the case "could have been brought" there. *See* 28 U.S.C. § 1406(a) (allowing for transfer of a case filed in an improper venue only "to any district or division in which it could have been brought").

5

AO 72A
(Rev.8/82)

For the foregoing reasons, the undersigned **RECOMMENDS** that (1) the motion to dismiss for improper venue [27] be **GRANTED**, (2) the motion in opposition to the motion to dismiss [40] be **DENIED**, and (3) this case be **DISMISSED WITHOUT PREJUDICE**.   Plaintiff's motion to exceed page limitations [41] is **GRANTED NUNC PRO TUNC**.

**SO ORDERED & RECOMMENDED**, this ___ day of _____, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)